IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

MIKE TAYLOR,                )
                            )
        Plaintiff,           )
                            )
v.                          )        No. 3:06-cv-273
                            )
CITY OF GATLINBURG,         )
                            )
        Defendant.          )

## MEMORANDUM OPINION

This civil action is before the court on the defendant's motion for summary judgment [doc. 10]. The defendant has not responded to the motion within the time allowed, and the motion is ripe for the court's consideration. For the reasons discussed below, the defendant's motion will be granted.

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." If an adverse party does not respond, summary judgment may be granted "if appropriate." Summary judgment cannot

be granted simply because the adverse party has not responded. See *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). "The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his initial] burden." *Id.* (quoting *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991)). The moving party always has the burden of demonstrating the absence of a genuine issue of material fact, regardless if an adverse party fails to respond. *Carver*, 946 F.2d at 454-55. The defendant meets this burden if he shows that there is an absence of evidence to support the plaintiffs' case. See *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The defendant may challenge the sufficiency of the plaintiffs' allegations, or present evidence that refutes the allegations. *Id.*

In his complaint, the plaintiff alleges that he has been the target of retaliation by his employer since his participation in a FLSA (Fair Labor Standards Act) case filed in 1989. The FLSA case was resolved by consent decree. The plaintiff claims that he was wrongfully disciplined in 2004, and in 2005 he was denied an opportunity to test for the position of Chief of the Gatlinburg Fire Department for reasons that were pretext for unlawful discrimination and retaliation in violation of 29 U.S.C. § 215(a)(3).

The facts, as set out in the affidavits appended to the defendant's motion for summary judgment are as follows. The defendant is an employee of the City of Gatlinburg Fire Department. His personnel record shows that he was

promoted to Lieutenant in 1993 and to Captain in 1998.  In May 2002, a performance improvement plan was issued to the plaintiff, and in March 2004, a Disciplinary Action was issued "on the grounds of severe lack of communication and supervision as well as failure to address problems on the shift" the plaintiff supervised.  The plaintiff was suspended without pay for sixty-four days and placed on six-months probation.  The plaintiff did not appeal or otherwise challenge the Disciplinary Action.

In 2005 a job vacancy listing for Fire Chief was posted.  The plaintiff and six others applied for the position.  The review committee determined that the plaintiff would not be recommended for the position based on its review of the plaintiff's personnel file.  The letter to the plaintiff states in relevant part:

> [A]fter careful review and consideration of your application materials, we have selected other candidates whose qualifications more closely meet our position requirements and needs.  Specifically, review of your personnel file reveals disciplinary action that shows a lack of responsible leadership.  Additionally, your education and your leadership experience is not equivalent to meet the job requirements.

It is undisputed that the review committee did not discuss or consider the plaintiff's involvement in the FLSA lawsuit in 1989 when reviewing his application.

Section 215(a)(3) of Title 29, United States Code, provides that it shall be unlawful for a person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or

instituted or caused to be instituted any proceeding under or related to this chapter . . . ." To establish a prima facie case of retaliation under the FLSA, the burden-shifting analysis in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies. *See Adair v. Charter County of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006). The plaintiff must prove that "(1) he or she engaged in a protected activity under the FLSA; (2) his or her exercise of this right was known by the employer; (3) thereafter, the employer took an employment action adverse to [him]; and (4) there was a causal connection between the protected activity and the adverse employment action." *Id.*

The defendant concedes for purposes of its motion for summary judgment that the plaintiff can prove the first three elements of his prima facie case. The defendant contends, however, that the plaintiff cannot prove the fourth element. "In order to demonstrate a causal connection, 'plaintiff must produce sufficient evidence from which an inference can be drawn that the adverse action would not have been taken had the plaintiff not filed a discrimination action.'" *Id.* at 490 (quoting *Allen v. Michigan Dept. of Corr.*, 165 F.3d 405, 413 (6th Cir. 1999)). One of the factors that is relevant to the issue of causation is the timing of the adverse employment action relative to the plaintiff's FLSA activities. *Id.*

In this case, there was a *fifteen year* gap between the plaintiff's participation in the FLSA action and the first of the adverse actions – the 2004 Disciplinary Action. Other courts have held that even a four-month lag between

4

the protected activity and the adverse action was insufficient to raise the inference of retaliation.  *See, e.g.*, *Conner v. Schnuck Mkts., Inc.*, 121 F.3d 1390, 1395 (10th Cir. 1997); *Porter v. Roosa*, 259 F. Supp. 2d 638, 658-59 (S.D. Ohio 2003); *see also O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1253 (10th Cir. 2001) ("Unless there is very close temporal proximity between the protected activity and the retaliatory conduct, the plaintiff must offer additional evidence to establish causation."). Furthermore, the plaintiff was promoted twice *after* he participated in the FLSA action.  Thus, the court finds that there is no temporal proximity giving rise to any inference that the plaintiff was disciplined and not promoted because of his protected activities.

The plaintiff alleges in his complaint that "other similarly situated firefighters who were not plaintiffs in the Prior Case have been guilty of much more egregious conduct than Plaintiff and received de minimis disciplinary action or no disciplinary action at all."  However, this is merely an allegation which is not supported by any facts in the record.  Aside from this claim, the court is left with only the plaintiff's unsupported belief that the adverse actions were retaliatory. "Subjective beliefs, without affirmative evidence, are insufficient to establish a claim of retaliation." *Adair*, 452 F.3d at 491.

There being no evidence before the court to support any inference that the adverse employment actions suffered by the plaintiff were in retaliation for his participation in the FLSA action fifteen years earlier, the court agrees with

5

the defendant that the plaintiff cannot prove a prima facie case of retaliation. The court finds it unnecessary to consider the remaining steps of the *McDonnell-Douglas* burden-shifting analysis, and the defendant's motion for summary judgment must be granted. An order reflecting this opinion will be entered.

ENTER:

*s/ Leon Jordan*
United States District Judge